## Braman *v.* Snider and another.

*(Circuit Court, D. Minnesota.   October 22, 1884.)*

BANKRUPTCY—JUDGMENT OBTAINED ON PROVABLE CLAIM—DISCHARGE.

On August 8, 1873, suit was commenced in New York against S. & G., and judgment by default entered March 29, 1876, for $3,199.09. S. failed in 1873, and removed to Minnesota in 1875, where he filed his petition in bankruptcy, and was adjudged a bankrupt, July 15, 1876. The schedule filed by him set out the New York judgment. November 25, 1876, he obtained his discharge. On April 6, 1876, the judgment by default in New York, of March 29, 1876, was, on motion of his attorney, set aside, a trial had October 10, 1876, and judgment for $3,336.25 entered against him, October 14, 1870. There was no communication between S. and his attorney after S. left New York. *Held,* that the debt or claim in the pending suit in New York was provable, under section 5057 of the United States Revised Statutes, after the adjudication of bankruptcy of July 15, 1876, and, although the judgment was entered before the certificate of discharge was granted, an action on the judgment was barred by the discharge.

In Bankruptcy.

*C. A. Congdon,* for plaintiff.

*J. M. Shaw,* for defendants.

NELSON, J.   This action is brought upon a judgment obtained in the supreme court of the state of New York against Samuel P. Snider and Willoughby H. Giffney, on October 10, 1876.   Defendant Snider answers, and sets up his discharge in bankruptcy as a bar to recovery. I find the following facts:

On August 8, 1873, a suit was commenced by Braman & Boynton, in the supreme court of the state of New York, against the firm of Snider & Giffney, and on failure of the defendants to appear at the trial by the court, a verdict was rendered and judgment entered and filed March 29, 1876, for $3,199.09.   The defendant Snider became insolvent in the fall of 1873, and left the city of New York and became a resident of the state of Minnesota in 1875.   In July, 1876, he filed his petition in bankruptcy and was adjudged a bankrupt July 15, 1876.   The schedules filed by him set forth a judgment obtained against the firm of which he was a member in March, 1876, by Braman & Boynton, in the city of New York, and stated the amount at about $3,000.   On November 25, 1876, he was discharged and received his certificate.   On April 6, 1876, his attorney obtained an order setting aside the judgment entered March 29, 1876; and on October 10, 1876, the case was again tried, and the defendants not appearing, a verdict was rendered and a judgment was entered and filed for the sum of $3,336.25.   There was no communication between Snider and his attorney after he left New York.   Boynton assigned his interest in the judgment before this suit was commenced.

## CONCLUSION.

If it is conceded that the debtor's attorney in New York had authority to obtain an order setting aside the judgment entered March 29, 1876, I am still of the opinion that the debt or claim in the pending suit in the New York supreme court was provable under section 5067, Rev. St., against the bankrupt's estate after the adjudication, July 15, 1876; and although a judgment was entered before the certificate of discharge was granted, the debt on which the judgment was entered being a provable claim existing at the time of adjudication, is barred by the discharge.   The terms of the certificate of discharge, enacted by section 5115, Rev. St., declares that the bankrupt "is discharged from all debts and claims made provable" by the bankrupt law, and "which existed on the day on which the petition for adjudication was filed."   The doctrine of merger and extinguishment of the debt, and that the judgment constitutes a new debt from the time of the recovery, is not applicable under the bankrupt act.

Judgment for defendants.